```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON

HELENA ANNA CHRISTINA FRIDLUND,  )
                                 )
                                 )  Civil Action No. 5:09-273-JMH
       Petitioner,               )
                                 )
v.                               )
                                 )
                                 )  MEMORANDUM OPINION AND ORDER
FRANCIS MATTHEW                  )
SPYCHAJ-FRIDLUND,                )
                                 )
                                 )
       Respondent.               )
```

**             **             **             **             **

This matter came before the Court by virtue of a hearing on September 8, 2009, at 4:00 p.m., during which the Court considered the merits of the Petition for Return of Child to Petitioner Pursuant to the Convention on the Civil Aspects of International Child Abduction [Record No. 1], Petitioner's Motion for Order Directing the Return of the Child [Record No. 15], and Respondent's failure to respond to the Petition. During that hearing, the Court heard from Petitioner Helena Anna Christina Fridlund, who appeared through counsel, and Respondent Francis Matthew Spychaj-Fridlund, who appeared *pro se*. At the conclusion of that hearing, the Court granted Petitioner's Motion for Order Directing the Return of the Child [Record No. 15] and entered an order setting forth the actions required by the parties to this matter.

This Memorandum Opinion and Order serves to supplement and

-1-

confirm the Court's oral findings and conclusions pronounced at the hearing which support the Court's decision on September 8, 2009, to enter the Order Directing Return of Child to Country of Habitual Residence.

**I. RESPONDENT'S FAILURE TO ANSWER OR SHOW CAUSE**

As an initial matter, the Court has found that Respondent failed to make an Answer or to otherwise respond to the Petition for Return of Child to Petitioner Pursuant to the Convention on the Civil Aspects of International Child Abduction [Record No. 1], filed on August 5, 2009. Respondent was served with the Petition on August 6, 2009 [Record No. 6], and his response to the Petition was, thus, due on August 26, 2009. *See* Fed. R. Civ. P. 12(a)(1)(A)(I). During the hearing on September 8, 2009, Respondent made no argument or presentation of evidence which would excuse his failure to timely respond, and, thus, failed to discharge the Court's Show Cause Order of September 2, 2009. Accordingly, the Court has considered the allegations contained in the Petition to be deemed admitted by operation of Fed. R. Civ. P. 8(b)(6) and founded its decision regarding the merits of the Petition on those facts.

**II. PETITION FOR RETURN OF CHILD TO PETITIONER PURSUANT TO THE CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION**

**A. BACKGROUND**

The facts set forth in the Petition [Record No. 1] being

undisputed, the Court finds that Petitioner Helena Anna Christina Fridlund is, and has been at all relevant times, a resident of the Kingdom of Sweden. She is the natural and biological mother of a three-year-old girl, known as "MAF" for the purposes of these proceedings. MAF, from her birth, on April 22, 2006, to February 1, 2009, lived with both Petitioner and Respondent in Sweden. MAF was removed from Sweden by Respondent on February 1, 2009, and may currently be found in Richmond, Kentucky, within the boundaries of the Eastern District of Kentucky. By operation of Swedish law, Petitioner shares joint custody of MAF with Respondent Francis Matthew Spychaj-Fridlund, Petitioner's husband and the father of MAF.

Petitioner contends that she was exercising custody within the meaning of Articles Three and Five of the Convention on February 1, 2009.[1] Petitioner further avers that MAF was habitually resident in the Kingdom of Sweden immediately prior to her removal from that country on February 1, 2009, by Respondent, and that Petitioner did not agree to the removal of MAF from Sweden at that time. She, thus, petitioned this Court for the return of her child to Sweden.

**B.  International Child Abduction Remedies Act ("ICARA") and the Hague Convention on the Civil Aspects of International Child Abduction**

---

[1] The Court understands that divorce proceedings are in progress in Sweden as to Petitioner and Respondent, and that Petitioner has requested sole custody of MAF. [Petition, Exhibit E.] Those proceedings have not yet been concluded and have no bearing on the Court's decision with regard to the Petition.

Under the International Child Abduction Remedies Act ("ICARA"), which implemented the Hague Convention on the Civil Aspects of International Child Abduction ("the Convention"), this Court has concurrent original jurisdiction with state courts over actions arising under the Convention. 42 U.S.C. § 11603(a). The objectives of the Convention are "to secure the prompt return of children wrongfully removed to or retained in any Contracting State" and "to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." Both the United States and Sweden are signatory nations to the Convention. *See* website of U.S. Department of State, Bureau of Consular Affairs, http://travel.state.gov/family/abduction/hague_issues/hague_issues_1487.html (last viewed September 8, 2009).

Pursuant to § 11603(b), a petition for return may be held "only in the place the child is located at the time the petition is filed." In this instance, there is no dispute that the child who is the subject of the Petition, MAF, is located in the Eastern District of Kentucky, and it is proper that this matter proceed before this Court. Under the Convention, however, this Court has jurisdiction to decide only the merits of the abduction claim, not the merits of the underlying custody dispute, and the Court has limited its inquiry accordingly. Hague Convention, Article 19; 42 U.S.C. § 11601(b)(4); *Friedrich v. Freidrich*, 78 F.3d 1060, 1063-64

(6th Cir. 1996).

The Ninth Circuit, in *Mozes v. Mozes*, 239 F.3d 1067 (9th Cir. 2001) articulated four questions to be considered by courts applying Article 3 of the Convention:

> (1) When did the removal or retention at issue take place?
>
> (2) Immediately prior to the removal or retention, in which state was the child habitually resident?
>
> (3) Did the removal or retention breach the rights of custody attributed to the petitioner under the law of the habitual residence?
>
> (4) Was the petitioner exercising those rights at the time of the removal or retention?

*Id.* at 1070.

In this instance, there is no dispute that Respondent removed MAF from Sweden on February 1, 2009. Further, there is no real dispute concerning MAF's place of habitual residence: Sweden. Habitual residence is not the same as the concept of domicile and neither one's nationality nor one's intent to return play a role in determining one's habitual residence. *See Friedrich v. Friedrich*, 983 F.2d 1396, 1401 (6th Cir. 1993). In order to make that determination, this Court must "focus on the child, not the parents, and examine past experience, not future intentions." *Friedrich*, 983 F.2d at 1401. Habitual residence arises largely out of residence prior to removal, and the Court must look back, not forward, in time. *Id.* In this matter, from her birth, on April

-5-

22, 2006, to February 1, 2009, the child lived with both Petitioner and Respondent in Sweden.[2] MAF was removed from Sweden by Respondent on or about February 1, 2009. The Court concluded, from this evidence, that MAF's state of habitual residence is Sweden for the purposes of its analysis under the Petition.

The Court next concluded that Petitioner had established by a preponderance of the evidence that Respondent has wrongfully retained MAF, as that term is defined in the Convention. 42 U.S.C. § 11603(e)(1)(A). The retention of a child is wrongful when "it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention" and at the time of the removal, "those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention." Hague Convention, Article 3.

The undisputed evidence demonstrates that Petitioner had joint custody of MAF with Respondent, her husband, under Swedish law and that Petitioner was exercising her custody rights over MAF under Articles 3 and 5 of the Convention at the time Respondent removed

---

[2] The Court notes that Respondent related at the hearing that MAF lived with both parents in the United States for a matter of months during the time period surrounding his grandmother's death. He did not dispute that MAF had otherwise lived in Sweden or that he removed his daughter, MAF, from Sweden on February 1, 2009.

MAF from Sweden without Petitioner's permission.[3] Simply stated, Petitioner and Respondent were the married parents of MAF and, thus, had joint custody by operation of law in Sweden at the relevant times. There is no evidence of a judicial or administrative decision or agreement that altered that arrangement and, without more, the Court concluded that Petitioner was exercising her rights of custody at the time Respondent retained RAF.

Further, Chapter 6, § 13 of the Swedish Children and Parents Code provides as follows:

> If two custodians have custody of the child, the provisions of Section 11 and 12 shall apply to them jointly. If, owing to absence, illness or some other reason, one of the custodians is prevented from sharing in decisions concerning custody of the child that cannot be postponed without convenience, the

---

[3] The Convention provide that:

1. "[t]he rights of custody . . . may arise in particular by operation of law or by reason of a judicial or administrative decision, or by an agreement having legal effect under the law of that State" (Article 3);

2. "at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention" (Article 3); and

3. that these include "rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence" (Article 5).

-7-

> other custodian alone shall make such decisions. However, this person alone may not make decisions of far-reaching significance for the child's future unless it is manifestly required by the best interest of the child.

Reading the Code straightforwardly, choices regarding a child's habitual residence are decisions of "far-reaching significance for [a] child's future," and that residence cannot be altered by the decision of one custody holder alone. Having made the unilateral decision to remove MAF from Sweden to the United States, Respondent breached Petitioner's joint custody rights under Swedish law, and the Court concluded that removal of MAF was wrongful under the Convention.[4]

**III. CONCLUSION**

For all of the reasons stated above and as related during the

---

[4] Petitioner having met her burden, the burden shifted to Respondent to show (1) by clear and convincing evidence that there is a grave risk that returning MAF to Petitioner would expose her to physical or psychological harm or otherwise place her in an intolerable situation, Hague Convention, Article 13b, 42 U.S.C. § 11603(e)(2)(A); or (2) by clear and convincing evidence that returning MAF to Petitioner "would not be permitted by the fundamental principles of the requested State relating to the protection of human rights and fundamental freedoms," Hague Convention, Article 20, 42 U.S.C. § 11603(e)(2)(A); or (3) by a preponderance of the evidence that the proceeding was commenced more than a year after MAF came to the United States and she has become settled in her new environment, Hague Convention, Article 12, 42 U.S.C. § 11603(e)(2)(B); or (4) by a preponderance of the evidence that Petitioner was not actually exercising her custody rights at the time of MAF's retention, or that Petitioner had consented to or subsequently acquiesced to MAF being retained by Respondent, Hague Convention, Article 13a, 42 U.S.C. § 11603(e)(2)(B). Respondent presented no evidence to support any such finding, and the Court considered these issues no further.

hearing on September 8, 2009, the Court has found and concluded that the Petitioner's Motion for Order Directing the Return of the Child [Record No. 15] and her Petition for Return of Child to Petitioner Pursuant to the Convention on the Civil Aspects of International Child Abduction [Record No. 1] are meritorious, consistent with the Order entered on September 8, 2009.

Additionally, **IT IS ORDERED** that the Clerk shall **SERVE** a copy of this Opinion and Order on Respondent at the following address:

>       633 Big Hill Avenue, Bldg. 0
>       Apartment 115
>       Richmond, KY 40475

This the 9th day of September, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge