UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

HELENA ANNA CHRISTINA FRIDLUND, )
)
) Civil Action No. 5:09-273-JMH
Petitioner, )
)
v. )
)
) **MEMORANDUM OPINION AND ORDER**
FRANCIS MATTHEW )
SPYCHAJ-FRIDLUND, )
)
)
Respondent. )


**       **     **     **     **

This matter is before the Court on Petitioner's Motion for
Award of Attorney's Fees and Costs [Record No. 22].  The time for
any response or objections by Respondent has now expired, and no
objections have been filed.  *See* LR 7.1(c).  Petitioner's motion is
now ripe for decision.

Petitioner requests an award of her reasonable attorneys' fees
and costs incurred in this matter, as well as the cost of the
return of the child, MAF, who was the subject of the Petition to
the Kingdom of Sweden, under 42 U.S.C. § 11607(b)(3) of the
International Child Abduction Remedies Act ("ICARA").  Section
11607(b)(3) provides that:

> Any court ordering the return of a child
> pursuant to an action brought under section 4
> [42 U.S.C. § 11603] shall order the respondent
> to pay necessary expenses incurred by or on
> behalf of the petitioner, including court

-1-

> costs, legal fees, foster home or other care
> during the course of proceedings in the
> action, and transportation costs related to
> the return of the child, unless the respondent
> establishes that such order would be clearly
> inappropriate.

The purposes of awarding costs and fees under § 11607(b)(3) are (1) "to restore the applicant to the financial position he or she would have been in had there been no removal or retention" and (2) to deter such removal or retention. Hague International Child Abduction Convention; Text and Legal Analysis, 51 Fed. Reg. 10494-01, 10511 (Mar. 26, 1986). In this matter, the Court ordered the return of the child, MAF, on September 8, 2009, and Petitioner's request for fees and expenses, as well as transportation costs, is appropriate insofar as she has established with evidence the sums that she now requests.

When deciding motions for attorney's fees in ICARA cases, several courts have employed the lodestar method or a similar analysis to calculate reasonable attorney's fees. *See, e.g., Distler v. Distler*, 26 F. Supp. 2d 723, 727 (D.N.J. 1998); *Freier v. Freier*, 985 F. Supp. 710, 712 (E.D. Mich. 1997); *Berendsen v. Nichols*, 938 F. Supp. 737, 739 (D. Kan. 1996). *But see Antunez-Fernandes v. Connors-Fernandes*, 259 F. Supp. 2d 800, 817 (N.D. Iowa 2003) (awarding legal fees without analyzing the reasonableness of those fees).

A court determines the lodestar amount by multiplying the

reasonable number of hours billed by a reasonable billing rate. *Reed v. Rhodes*, 179 F.3d 453, 471-72 (6th Cir. 1999). Reasonable attorney's fees are based on the market rates for the services rendered. *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995). A reasonable rate will attract qualified and competent counsel without producing a windfall to the attorneys. *Northcross v. Bd. of Educ. of Memphis City Sch.*, 611 F.2d 624, 638 (6th Cir. 1979). Employing the *Johnson* factors, a court can adjust the total lodestar amount.[1]

Further, courts have allowed for reimbursement for various types of expenses incurred by petitioners in ICARA cases. Such expenses include but are not limited to the following: costs of telephone calls, facsimile transmissions, witness fees, certified mail and postage, service fees, copying, and filing fees. *Berendsen*, 938 F. Supp. at 739. In this case, Petitioner requests

---

[1] The *Johnson* factors are the following:

(1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Reed*, 179 F.3d at 471 n.3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

-3-

reimbursement for the costs of filing her petition and serving process, as well as other costs associated with mailing. In theory, these expenses qualify – as well as those incurred for the transportation of the child, which is explicitly provided for in 42 U.S.C. § 11607(b)(3) – as necessary expenses under ICARA, but only insofar as they can be substantiated and evaluated with regard to their necessity in this matter.

Here, Petitioner has submitted evidence demonstrating that she has incurred costs of $350.00 for filing her Petition and $100.00 for service of process on Respondent. [*See* Record No. 22-3.] She has not, however, submitted the type of detailed evidence necessary to support her request for $7,804.00 in attorney's fees (hourly rates charged by counsel, detailed accounts of time spent working on this matter, etc.) or the costs of using courier services to send unidentified items to Respondent. Nor has she submitted any evidence of the sum she claims to have incurred for transportation costs related to the return of the child, such as receipts, invoices, or tickets, notwithstanding her assertion in her Motion that she would do so. [Record No. 22 at 2.]

As the evidence supports a finding that Petitioner incurred the cost of filing the Petition and serving Respondent, for a total of $450, this sum shall be awarded. In the absence of evidence supporting Petitioner's averment that she incurred reasonable attorneys fees and other costs, including those related to the

-4-

transport of MAF, in this matter, her Motion will be denied at this time with leave for Petitioner to resubmit the request with appropriate documentation.

Accordingly, **IT IS ORDERED**:

(1) that the Petitioner's Motion for Award of Attorney's Fees and Costs [Record No. 22] shall be, and the same hereby is, **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**;

(2) that Respondent shall be and the same hereby is, **DIRECTED TO PAY** a total of **$450.00** to Petitioner in satisfaction of Petitioner's costs as set forth above;

(3) that Petitioner has leave of Court to resubmit or renew her Motion for Award of Attorney's Fees and Costs, with appropriate documentation of fees, costs, and expenses, on or before **October 30, 2009**;

(4) and that the Clerk shall **SERVE** a copy of this Opinion and Order on Respondent at the following address:

> 633 Big Hill Avenue, Bldg. 0
> Apartment 115
> Richmond, KY 40475

This the 19th day of October, 2009.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge