UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| HELENA ANNA CHRISTINA FRIDLUND,<br><br>Petitioner,<br><br>v.<br><br>FRANCIS MATTHEW<br>SPYCHAJ-FRIDLUND,<br><br>Respondent. | Civil Action No. 5:09-273-JMH<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Petitioner's Renewed Motion for Award of Attorney's Fees and Costs [Record No. 25]. The time for any response or objections by Respondent has now expired, and no objections have been filed. *See* LR 7.1(c); [Record No. 27]. Petitioner's motion is now ripe for decision.

In her Motion, Petitioner requests an award of her reasonable attorneys' fees, which she claims to be $8,362.00, and an additional $30.09 in additional costs not previously awarded but incurred in this matter, as well as the cost of the return of the child, MAF, who was the subject of the Petition to the Kingdom of Sweden, under 42 U.S.C. § 11607(b)(3) of the International Child Abduction Remedies Act ("ICARA").

Section 11607(b)(3) provides that:

> Any court ordering the return of a child

-1-

> pursuant to an action brought under section 4 [42 U.S.C. § 11603] shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

The purposes of awarding costs and fees under § 11607(b)(3) are (1) "to restore the applicant to the financial position he or she would have been in had there been no removal or retention" and (2) to deter such removal or retention. Hague International Child Abduction Convention; Text and Legal Analysis, 51 Fed. Reg. 10494-01, 10511 (Mar. 26, 1986). In this matter, the Court ordered the return of the child, MAF, on September 8, 2009, and Petitioner's request for fees and expenses, as well as transportation costs, is appropriate insofar as she has established with evidence the sums that she now requests. As explained below, her Renewed Motion shall be granted in part and denied in part.

I.   Attorney's Fees

When deciding motions for attorney's fees in ICARA cases, several courts have employed the lodestar method or a similar analysis to calculate reasonable attorney's fees, and this Court elects to do the same in this instance. *See, e.g.*, *Distler v. Distler*, 26 F. Supp. 2d 723, 727 (D.N.J. 1998); *Freier v. Freier*, 985 F. Supp. 710, 712 (E.D. Mich. 1997); *Berendsen v. Nichols*, 938

F. Supp. 737, 739 (D. Kan. 1996). *But see Antunez-Fernandes v. Connors-Fernandes*, 259 F. Supp. 2d 800, 817 (N.D. Iowa 2003) (awarding legal fees without analyzing the reasonableness of those fees).

A court determines the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. *Reed v. Rhodes*, 179 F.3d 453, 471-72 (6th Cir. 1999). Reasonable attorney's fees are based on the market rates for the services rendered. *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995). A reasonable rate will attract qualified and competent counsel without producing a windfall to the attorneys. *Northcross v. Bd. of Educ. of Memphis City Sch.*, 611 F.2d 624, 638 (6th Cir. 1979). Employing the *Johnson* factors, a court can adjust the total lodestar amount.[1]

---

[1] The *Johnson* factors are the following:

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Reed v. Rhodes*, 179 F.3d 453, 471 n.3 (6th Cir. 1999)(citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

The evidence submitted in the instant matter shows that hourly fees were charged for the services of Greg E. Mitchell ($350.00 per hour) and J. Kyle DeSpain ($150.00 per hour). Respondent has not objected to these rates, and the Court notes that these fees are within the range of those charged by other practitioners and staff in the Lexington, Kentucky market for legal services rendered in other matters pending before this Court. Accordingly, the Court concludes that Petitioner has submitted evidence of reasonable billing rates charged with regard to work on her Petition before this Court.

Further, the Court concludes that the number of hours billed on this matter are reasonable, with the exceptions noted below. Petitioner has submitted the evidence in the form of detailed accounts of time spent working on this matter which she avers supports an award of $8,362.00 in attorney's fees. Having reviewed these entries, the Court concludes that the amount of time expended, less .6 hours, was reasonable and, as discussed above, billed at reasonable hourly fees. Petitioner has not, however, provided sufficient evidence, for the Court to evaluate the reasonableness of work performed on November 9, 2009, for which Jan deBeer billed .40 hours, at a cost of $94.00, for "[a]ttention to Freilund [*sic*] Custody matters." This is not sufficiently detailed to allow the Court to evaluate the reasonableness of the time expended, the fee charged, or the necessity of whatever actions

were taken with regard to this action, and these fees shall not be awarded.  Finally, although Petitioner's counsel has provided evidence of the time spent in preparing the additional filings submitted to this court with regard to Petitioner's Renewed Motion for attorney's fees (.20 hours at a cost of $62.00 based on his hourly rate), the Court declines to award these fees as they were only necessitated by Counsel's earlier failure to submit the proper evidence to this Court and are not, in this Court's mind, reasonably incurred.  Accordingly, the Court shall award Petitioner $8,206.00 in attorney's fees.

**II.  Costs and Expenses**

Courts have allowed for reimbursement for various types of expenses incurred by petitioners in ICARA cases.  Such expenses include but are not limited to the following:  costs of telephone calls, facsimile transmissions, witness fees, certified mail and postage, service fees, copying, and filing fees. *Berendsen*, 938 F. Supp. at 739.  In this case, the Court has already granted Petitioner's request for reimbursement for the costs of filing her petition and serving process, and she has now renewed her request for $30.09 in costs associated with mailing and the cost of airfare for transporting the child back to Sweden.  These are considered necessary expenses under ICARA, but only insofar as they can be substantiated and evaluated with regard to their necessity in this matter.  *See*, e.g., 42 U.S.C. § 11607(b)(3).

Petitioner has again failed to provide sufficient evidence with which the Court may evaluate the requested $30.09 in costs for courier services used to send unidentified items to Respondent on August 6, September 2, and September 9, 2009. The Court declines to award these costs. Petitioner has also submitted what purports to be an invoice for transportation costs related to the return of the child, MAF, to the Kingdom of Sweden, in the amount of 7,362 Swedish Krona. Petitioner has asked the Court to use a conversion rate of .144571 United States Dollars per Swedish Krona in calculating the cost of the ticket for purposes of her Renewed Motion, which would yield a total cost of $1,064.33. Petitioner has failed, however, to provide any support for the conversion rate that she proposes. Accordingly, the Court has calculated the cost for the ticket in United States dollars based on the exchange rate reported by the Federal Reserve for October 29, 2009, the date of Petitioner's Renewed Motion, 6.9834 Krona per U.S. Dollar, for a total of $1,054.21. *See* http://www.federalreserve.gov/releases/h10/ 20091102/ (last visited November 23, 2009). The Court shall award this amount to Petitioner.

### III. CONCLUSION

For all of the reasons stated above, Petitioner is awarded $8,206.00 in attorney's fees and $1054.21 in costs and expenses in this matter.

Accordingly, **IT IS ORDERED**:

(1) that the Petitioner's Renewed Motion for Award of Attorney's Fees and Costs [Record No. 25] shall be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART**; and

(2) that Respondent shall be and the same hereby is, **DIRECTED TO PAY** a total of **$9,260.21** to Petitioner in satisfaction of Petitioner's fees and expenses as set forth above

(3) and that the Clerk shall **SERVE** a copy of this Opinion and Order on Respondent at the following address:

>  633 Big Hill Avenue, Bldg. 0
>  Apartment 115
>  Richmond, KY 40475

This the 23rd day of November, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge